UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELTON P. [1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 2:22cv390 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Benefits under the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since August 1, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: diabetes mellitus; mild degenerative joint disease of the bilateral hands; mild bilateral knee osteoarthritis; and cervical degenerative joint disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets

or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, or scaffold. He is limited to no more than frequent reaching, handling, and fingering with the bilateral upper extremities. The claimant must avoid all exposure to unprotected heights and dangerous moving machinery.

6. The claimant is capable of performing past relevant work as a security guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2020, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 17- 22).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on June 13, 2023.  On September 13, 2023 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A

3

> negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in her determination that Plaintiff only suffers from mild degenerative joint disease.  Plaintiff claims that the record shows he has had pain in both hands with recurrent swelling of his left dominant hand, osteoarthritis/rheumatoid arthritis, and numbness involving both hands, fingers and feet.  Plaintiff claims that, contrary to the ALJ's decision, he cannot perform his past work as a security guard because he would be unable to apprehend unauthorized persons due to his bilateral upper extremity deficits.

With respect to Plaintiff's argument that he cannot frequently handle and finger, he has failed to identify evidence which compels greater restrictions. *Delong v. Saul*, 844 F. App'x 894, 900 (7th Cir. 2021) ("even if the record could support [additional] limitations, there is nothing that compels them."). It is clear that the ALJ properly found that Plaintiff could frequently handle and finger, based on her review of the medical evidence, including the minimal evidence cited by Plaintiff, and the medical opinions in the record. (Tr. 18-21). Plaintiff has essentially requested that this Court reweigh the evidence, which is not permitted. *Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023) ("This explicit weighing is precisely within the purview of the ALJ—and it is not our place to reweigh evidence, even where reasonable minds might disagree about the outcome.").

With respect to Plaintiff's argument that, due to the deficits in his hands, he cannot perform his past work, the record shows that the ALJ assessed his RFC, and relied on uncontradicted vocational expert testimony to find he could perform his past relevant work. Thus, the Court finds no error on this point. *Liskowitz v. Astrue*, 559 F.3d 736, 745-46 (7th Cir. 2009) (ALJ can rely on uncontradicted VE

testimony as to jobs plaintiff can perform).

Plaintiff has also cursorily presented the argument that he has numerous additional limitations that would be work preclusive. Notably, however, Plaintiff has not identified any evidence which would show any additional limitations were required. Thus this argument clearly fails. *Vang v. Saul*, 805 F. App'x 398, 403 (7th Cir. 2020) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

A review of the evidence and the decision shows that the ALJ evaluated the objective medical evidence, Plaintiff's reports, and the prior administrative findings and demonstrated how they supported her RFC finding. (Tr. 18-21). As the ALJ discussed, Plaintiff testified that pain in his neck, knee, and hands, as well as swelling in his joints, prevented him from working. (Tr. 19, 41-44, 199-200, 203). However, the ALJ found that the evidence demonstrated that, considering Plaintiff's alleged pain, he was capable of performing work within the RFC. (Tr. 18-21). Notably, no doctor opined that Plaintiff had greater functional limitations. *See, e.g., Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) (explaining it was a "fundamental problem" that claimant "offered no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set").

The ALJ's discussion of the record demonstrates that Plaintiff's objective medical records did not reflect the degree of limitation he alleged. For example, as the ALJ discussed, imaging reflected only mild degenerative findings in his hands and knees. (Tr. 19, 303-04, 308, 344-45). Likewise, the ALJ acknowledged that while Plaintiff had instances of some swelling and limited range of motion in his hands and knees, and a mild limping gait at one examination, he also maintained normal motor strength, ambulatory ability, and manipulative skills, including normal grip strength. (Tr. 19-20, 305-08, 310-11, 328). Additionally, Plaintiff was treated conservatively, only seeking treatment with his primary care doctor. (Tr. 20, 314-26, 337-67). Plaintiff's normal manipulative abilities, minimal abnormal findings on exam, mild findings on imaging, and conservative treatment support the ALJ's

finding that Plaintiff was not disabled.

Moreover, as the ALJ discussed, the state agency medical consultant, M. Brill, M.D., found that Plaintiff could perform a range of medium work and did not require any manipulative limitations. (Tr. 21, 69-71). The ALJ found that Dr. Brill's prior administrative medical findings were somewhat persuasive but that the record ultimately supported greater limitations. (Tr. 21). Likewise, consultative examiner Dr. Gupta opined that Plaintiff could perform work related activities, including carrying and handling objects, without any noted limitations. (Tr. 20, 6F). The ALJ found this opinion was supported by the normalcy of Plaintiff's consultative examinations and it was accordingly persuasive. The ALJ adopted more restrictive limitations than both doctors in assessing Plaintiff's RFC, finding that Plaintiff was limited to light work with additional postural limitations and only frequently reaching, handling, and fingering, which addressed his knee, hand, and neck pain. (Tr. 18, 21). Where, as here, the RFC is more limited than that opined by any doctor, the Seventh Circuit has found there is no error. *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018).

As substantial evidence supports the decision, it will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: October 30, 2023.

s/ William C. Lee
William C. Lee, Judge
United States District Court